IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT SHAROND DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv1015-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The United States has filed a response (Doc. No. 5) addressing how the one-year limitation period in 28 U.S.C. § 2255(f)[1] applies to the petitioner's § 2255 motion. The government argues that the § 2255 motion, which the petitioner filed on November 13, 2012, is untimely under § 2255(f) and is therefore due to be dismissed.

On April 4, 2011, the petitioner pled guilty to aiding and abetting in the possession

---

[1] Section 2255(f) specifies that the one-year limitation for filing a § 2255 motion period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

with intent to distribute marijuana and possession of a firearm during a drug trafficking crime.  On September 30, 2011, the district court sentenced the petitioner to a total of 37 months in prison.  Judgment was entered by the district court on October 4, 2011.  The petitioner did not take a direct appeal.  His conviction therefore became final on October 18, 2011.[2]  For purposes of 28 U.S.C. § 2255(f)(1), the petitioner had until October 18, 2012, to file a timely § 2255 motion.  His filing of his § 2255 motion on November 13, 2012, renders it untimely under § 2255(f)(1).

The petitioner, however, maintains that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3), pursuant to what he suggests is the retroactive applicability to his convictions of the Supreme Court's decisions in *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012).  In *Lafler* and *Frye*, the Supreme Court recognized that the Sixth Amendment right to effective assistance of counsel extends to counsel's performance during the plea-bargaining process.  See 132 S.Ct. at 1384; 132 S.Ct. at 1405.  According to the petitioner, his trial counsel was ineffective in plea negotiations because he did not explain to the petitioner all the steps and consequences of pleading guilty.

The petitioner's reliance on the *Lafler*/*Frye* decisions of the Supreme Court to establish the timeliness of his motion under § 2255(f)(3) is misplaced.  *Lafler* and *Frye* do not apply retroactively – a prerequisite to application of § 2255(f)(3).  *See In re Perez*, 682

---

[2] *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

F.3d 930, 932-33 (11th Cir. 2012) (finding no basis for retroactive application of the *Lafler/Freye* decisons).[3]

The government also argues that the petitioner's assertion that he is actually innocent of his 18 U.S.C. § 924(c) conviction pursuant to *Bailey v. United States*, 516 U.S. 137 (1995), is without merit, because the holding in *Bailey* is inapplicable to the § 924(c) offense of which the petitioner was convicted.

For the reasons indicated above, it appears to this court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired before the petitioner filed his § 2255 motion. Accordingly it is

ORDERED that on or before January 25, 2013, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period and for the other reasons stated by the Government.

Done this 4th day of January, 2013.

                                   /s/ Susan Russ Walker
                                   SUSAN RUSS WALKER
                                   CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] It does not appear that any of the statutory exceptions specified in § 2255(f)(2)-(4) apply in this case. Specifically, as noted, the petitioner's claim does not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Moreover, there is no suggestion that the government prevented the petitioner from filing an earlier motion. § 2255(f)(2). Nor does the petitioner appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction. § 2255(f)(4).