IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT SHAROND DANIELS,           )
                                  )
                Petitioner,       )
                                  )
        v.                        )       Civil Action No. 2:12cv1015-WHA
                                  )                    (WO)
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

On November 13, 2012, petitioner Robert Sharond Daniels ("Daniels") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  (Doc. No. 1.) Daniels challenges his 2011 convictions and resulting 37-month sentence for aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  He claims that his trial counsel rendered ineffective assistance by failing to explain the consequences of pleading guilty and by allowing him to plead guilty to the § 924(c)(1) offense when he was actually innocent of that crime.  (Doc. No. 1 at 2-3.)

The government maintains that Daniels's claim of actual innocence is meritless and that his § 2255 motion is time-barred, as it was filed after expiration of the one-year limitation period in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

*See* 28 U.S.C. § 2255(f).  (Doc. No. 5.)  The court concludes that the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by the AEDPA.

## II.  DISCUSSION

The timeliness of Daniels's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting  the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### *Application of § 2255(f)(1)*

On April 4, 2011, Daniels pled guilty to aiding and abetting the possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime.

On September 30, 2011, the district court sentenced him to a total of 37 months in prison. Judgment was entered by the district court on October 4, 2011. Daniels took no direct appeal. His conviction therefore became final 14 days later, on October 18, 2011. *See* Fed.R.App.P. 4(b)(1)(A)(i) (criminal defendant has 14 days to file an appeal from the district court's judgment of conviction); *Murphy v. United States*, 634 F.3d 1303, 1307 (11ᵗʰ Cir. 2011) ("When a defendant does not appeal his sentence, the judgment of conviction becomes final when the time for seeking that review expires.").

Under 28 U.S.C. § 2255(f)(1), Daniels had until October 18, 2012 (one year from the date on which his judgment of conviction became final), to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). His § 2255 motion, however, was not filed until November 13, 2012. Consequently, his motion is time-barred under the AEDPA unless the limitation period began to run at a date later than October 18, 2011, under a provision of 28 U.S.C. § 2255(f)(2)-(4) or is subject to equitable tolling.

### Section 2255(f)(3) and Claim under Lafler/Frye

Daniels contends his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) pursuant to what he says is the applicability to his convictions of the United States Supreme Court's holdings in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012). (Doc. No. 1 at 4-10.)  *Lafler* and *Frye*, both of which the Supreme Court decided on March 21, 2012 (less than a year before Daniels filed his § 2255 motion), recognized that the Sixth Amendment guarantees a defendant the right to effective assistance of counsel during the plea-bargaining process. *See* 132 S.Ct. at 1384; 132 S.Ct.

3

at 1405.  In invoking *Lafler*/*Frye*, Daniels alleges his trial counsel rendered ineffective assistance by failing to explain the consequences of pleading guilty and by allowing him to plead guilty to the § 924(c)(1) offense when he was actually innocent.  He contends that his § 2255 motion is timely under § 2255(f)(3), as it was filed within one year of the date of the *Lafler* and *Frye* decisions.

Section 2255(f)(3) provides for the one-year limitation period to start the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2255(f)(3).  Notwithstanding Daniels's attempt to restart the limitation period for his motion via § 2255(f)(3) and *Lafler*/*Frye*, the Eleventh Circuit has recognized that neither *Lafler* nor *Frye* applies retroactively.  *See In Re Perez*, 682 F.3d 930 (11th Cir. 2012).  In *Perez*, the Eleventh Circuit held *Lafler* and *Frye* did not set forth new rules of constitutional law because those cases are "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland* [*v. Washington*, 466 U.S. 668, 686 (1984)], to a specific factual context."  682 F.3d 930 at 932.  The court in *Perez* concluded, "[B]ecause we cannot say that either *Lafler* or *Frye* 'breaks new ground or imposes a new obligation on the State or Federal Government,' they did not announce new rules."  *Id*. at 933.

Because *Lafler* and *Frye* recognize no new constitutional right, those decisions do not apply retroactively to collateral proceedings.  *Perez*, 682 F.3d at 932-33.  *See also, e.g.*, *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137,

1140 (9th Cir. 2012); *United States v. Lawton,* 506 Fed. App'x 722, 726 (10th Cir. 2012).

Therefore, § 2255(f)(3) does not control the limitation period for Daniels's claim of

ineffective assistance of counsel under *Lafler/Frye*, and his claim is untimely under

§ 2255(f)(1).[1]

### Equitable Tolling

The limitation period in federal habeas proceedings (28 U.S.C. §§ 2254 and 2255)

may be equitably tolled on grounds apart from those specified in the habeas statutes "when

a movant untimely files because of extraordinary circumstances that are both beyond his

control and unavoidable with diligence."[2] *Sandvik v. United States*, 177 F.3d 1269, 1271

(11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Daniels has presented no grounds for equitable tolling, and the court finds none.

### Actual Innocence

Daniels asserts that he is actually innocent of the § 924(c)(1) offense to which he pled

guilty. (Doc. No. 1 at 2-3.) Actual innocence may provide a "gateway" to review of an

---

[1] Daniels's pleadings allege no government-created impediment, under § 2255(f)(2), that prevented him from timely raising the claims in this case. *See* 28 U.S.C. § 2255(f)(2). With regard to § 2255(f)(4), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final. *See* 28 U.S.C. § 2255(f)(4).

[2] In *Holland v. Florida.*, 560 U.S. 631 (2010), the Supreme Court confirmed that the limitation period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

otherwise time-barred § 2255 claim.  *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

Daniels maintains that under *Bailey v. United States*, 516 U.S. 137 (1995), his conduct did not establish criminal liability under 18 U.S.C. § 924(c)(1), because "the pistol was found on top of the entertainment center, the gun was registered lawfully, nowhere near the drugs, and nowhere in arm's reach."  (Doc. No. 1 at 2.)  In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 18 U.S.C. 924(c) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the drug-trafficking crime.  516 U.S. at 143-44.  However, the pre-1998 version of § 924(c) made it an offense only to use or carry a firearm during and in relation to the drug-trafficking crime.  The *Bailey* decision's narrow interpretation of "use" under § 924(c) prompted Congress to amend the statute in 1998 to add language directed to possessing a firearm "in furtherance of" the predicate crime.  *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002).  Daniels's offense and indictment occurred after the 1998 revision of the statute.  Thus, his complete reliance on *Bailey*, with nothing more, is misplaced.

There are two ways to violate § 924(c): the statute makes it an offense either to (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime or (2) possess a firearm in furtherance of such crime.  *See, e.g., Timmons*, 283 F.3d at 1250-53; *United States v. Daniel*, 173 Fed. App'x 766, 770 (11th Cir. 2006). Count 3 of the indictment, the § 924(c)(1) count, charged in pertinent part that Daniels "knowingly used and carried a firearm, to-wit: a Cobra .380 caliber handgun, during and in relation to, and possessed in

6

furtherance of, a drug trafficking crime ...." *See* Ex. A at 2.  This charge authorized a conviction under either the "use and carry/during and in relation to" prong of § 924(c)(1) or the "possession in furtherance of" prong of § 924(c)(1).  *See, e.g., United States v. Lott*, 310 F.3d 1231, 1246-47 (10th Cir. 2002).

Daniels's presentence investigation report ("PSI") reflected that a search of his residence uncovered "63 clear plastic bags containing marijuana inside a hidden compartment of the kitchen cabinets, a Cobra .380 caliber handgun with seven rounds of ammunition on top of an entertainment center, and $558 in U.S. currency in the master bedroom."  PSI at pp. 4-5, ¶ 12.  To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the government must show "'some nexus between the firearm and the drug selling operation.'"  *Timmons*, 283 F.3d at 1253 (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)).  "The nexus between the gun and the drug operation can be established by '... accessibility of the firearm,... proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'"  *Id*. (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).  Here, the proximity of the gun to the drugs Daniels was trafficking established a nexus sufficient to prove a violation of § 924(c)(1) under the possession-in-furtherance-of prong of the statute.  Further, by admitting to the crime alleged in Count 3, Daniels admitted that the government had sufficient evidence to prove that he possessed the firearm in furtherance of his drug-trafficking crime.

To establish actual innocence, a petitioner must demonstrate that, "in light of all the

evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Under this standard, Daniels has not shown that he is actually innocent of his § 924(c)(1) conviction. Therefore, his assertion of actual innocence does not provide a gateway to review of his time-barred § 2255 claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied because it was not filed within the one-year limitation period in 28 U.S.C. § 2255(f) and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 22, 2015.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 8th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE